UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHAWNTA COOPER,                                    Case No. 2:17-cv-00155

                         Plaintiff,                Hon. Gordon J. Quist
                                                   U.S. District Judge
        v.

F.S.S. PARKER,

                         Defendant.
_____/

## REPORT AND RECOMMENDATION

### Introduction

This is a civil rights action brought by state prisoner Shawnta Cooper pursuant

to 42 U.S.C. § 1983. Cooper asserts a First Amendment retaliation claim against

Defendant Parker.  Defendant Parker filed a motion for summary judgment. (ECF

No. 23, PageID.67.) Cooper also filed a motion for summary judgment. (ECF No. 27,

PageID.97.) For the reasons stated below, the undersigned respectfully recommends

that the Court grant Defendant Parker's motion and deny Cooper's motion. The

adoption of this recommendation would result in the dismissal of this case.

### Factual Allegations

The claim in this case arises from an incident that occurred while Cooper

worked in food service at the Ojibway Correctional Facility. During the relevant time

period, the Michigan Department of Corrections (MDOC) contracted with Trinity

Service Group to provide food at the prisons. Defendant Parker was an employee of

Trinity Food Service and worked as a "Food Service Supervisor."

In his complaint, Cooper alleges that on April 8, 2017, Defendant Parker asked him to put food service racks inside of a "hot box." (ECF No. 1, PageID.2.) Cooper says that he explained to Parker that he had no experience performing this task, but that he would try. Cooper says he attempted to put the racks in the hot box, but was unsuccessful. Cooper alleges that Defendant Parker then yelled, "[y]ou're fucking useless" and "[y]ou're a bitch, you need too stop acting like a girl." (*Id*.) Cooper alleges that he responded by telling Parker that he (Cooper) was going to write a grievance on Parker. (*Id*.)

Cooper alleges that, on April 9, 2017, he was reviewed on a Class II Misconduct for Disobeying a Direct Order.  In this misconduct, Cooper was alleged to have refused to put away the racks in the hot box, saying that it "was not his job." (*Id*.) Cooper says he was subsequently found not guilty of the misconduct.  (*Id*.)

Cooper says he "feels that said misconduct was written out of sheer retaliation." (*Id*. at PageID.3.)

## Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421

F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

## Analysis

Cooper asserts a retaliation claim against Defendant Parker. In order to set forth a First Amendment retaliation claim, a plaintiff must establish: (1) that he was engaged in protected conduct; (2) that an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) that the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

This case differs from the typical summary judgment motion because of the lack of evidence in the record. Cooper includes as attachments to his complaint what appear to be uncertified copies of Step I and Step II grievances relating to this incident.  (ECF No. 1-1, PageID.5-8.)  And he includes no attachments or supporting documents with his motion for summary judgment (ECF No. 27, PageID.97) or his response to Parker's motion for summary judgment (ECF No. 29, PageID.112).  Of particular note, Cooper fails to provide a copy of the misconduct ticket he alleges Defendant Parker issued to him.

Defendant Parker argues that he is entitled to summary judgment because there is no evidence to support any of the allegations in Cooper's complaint.

Defendant Parker further claims that, even accepting some of the allegations in Cooper's complaint as true, Cooper has failed to satisfy the causation element of a retaliation claim.

Parker contends that Cooper has not established that a misconduct report was ever written.  In support of his motion for summary judgment, Defendant Parker attached a declaration from Aileen Lewis Goodwin. (ECF No. 25-1.)  Ms. Goodwin, who is the Human Resource Director for Trinity, stated:

> Trinity has no record or documentation relating to the allegations contained within the Complaint- i.e. there is no record of (a) being informed by the MDOC that it was the belief of anyone within the MDOC that a misconduct report could have been inappropriately written; (b) that Mr. Parker made any comments to Mr. Cooper that could be considered inappropriate or a violation of any MDOC policy or (c) that any MDOC investigation packet was referred back to Trinity for further investigation as alleged in Mr. Cooper's Complaint.

(ECF No. 25-1, PageID.94.)

As mentioned above, the summary judgment standard is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). Thus, the undersigned must look at the evidence presented.

Here, Cooper has not put forth any evidence to support his retaliation claim. Cooper made several allegations in his unverified complaint[1], but "unverified

---

[1]    Although Cooper signed the complaint and it was notarized, Cooper did not submit a verified complaint under the requirements set forth in 28 U.S.C. § 1746.  *See*

complaints, are not considered Rule 56 evidence." *Zeune. v. Mohr*, 2015 WL 6468541, at *6 (S.D. Ohio 2015); *see also Jackson v. Kline*, 2017 WL 2262502, at *3 (E.D. Mich. 2017) ("[U]nverified complaints like the one at issue cannot be considered Rule 56 evidence.").

Cooper also failed to attach any other admissible evidence to any of his filings, such as depositions, affidavits and declarations, stipulations, admissions, or interrogatory answers to any of his filings. *See* Fed. R. Civ. P. 56. Cooper has not attached a copy of the misconduct report to any of his filings, and Defendant Parker has been unable verify the existence of any such report. As mentioned above, Cooper attached an uncertified grievance stemming from the incident to his complaint. The grievance mentions a misconduct report that was allegedly filed. But, as Defendant Parker notes, these grievance documents are not a certified copy and do not contain the Step III response.

In Cooper's motion for summary judgment, he made seven unsupported and confusing statements:

---

*Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) (a verified complaint has the same force and effect as an affidavit for purposes of responding to a motion for summary judgment). Cooper failed to include the statement that "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)." 28 U.S.C. § 1746.

> 1.    Plaintiff Shaunta Cooper (plaintiff) is an inmate confined at Ojibway Correctional Facility Under the Custody of the MDOC.
>
> 2.    Defendant is a famer employee of Trinity Service Group Inc. and declaration of Aileen Lewis Goodwin.
>
> 3.    Defendant was employed by as a food Supervisor, from September 20, 2016 through July 1, 2017.
>
> 4.    Everything in which I have provided to this Honorable Court have been made and presented regarding the Evidence and the facts pertaining to the claim.  The Defendant and Counsel failed to produce any Evidence to this Honorable Court that could "Refute" the claim in which I am making towards the Defendant.
>
> 5.    Respectfully, Aileen Lewis Goodwin declaration States [4] "I make this declaration based on personal knowledge and or knowledge made reasonably available to me.
>
> 6.    Aileen Goodwin states that in her role as a Regional Human Resource Director, I have reviewed Trinity's Records for any former employees that could be identified as F.S.S. Parker who have worked in the OCF.
>
> 7.    I have presented everything needed to establish my claim on defendant F.S.S.

(ECF No. 27, PageID. 29.) In Cooper's difficult-to-read response to Defendant Parker's motion for summary judgment[2], Cooper states in a conclusory manner that Ms. Goodwin should have known about the allegations against Defendant Parker. These claims are not sufficient to show that a misconduct ticket was written against Cooper.

Cooper has not adduced evidence establishing a genuine issue of material fact as to whether Defendant Parker took an adverse action against him.

Furthermore, assuming that Defendant Parker wrote a misconduct ticket on Cooper, Cooper has not put forth any evidence to create a material issue of fact on the causation element. As he stated in his complaint, Cooper "feels" that Defendant

---

[2]    The undersigned notes that the response was filed many months late.

Parker wrote the misconduct in retaliation. (ECF No. 1, PageID.3.) The causation element is "[u]sually . . . a factual issue to be resolved by a jury, and may be satisfied by circumstantial evidence." *Maben v. Thelen*, 887 F.3d 252, 267 (6th Cir. 2018) (citation omitted). "Nonetheless, a court may grant summary judgment even in a causation inquiry, where it is warranted." *Id.* (citation omitted). Cooper's personal feelings in an unverified complaint (and the absence of any other evidence) are not sufficient to withstand Defendant Parker's motion for summary judgment.

## Recommendation

Accordingly, the undersigned respectfully recommends that that the Court grant Defendant Parker's motion for summary judgment (ECF No. 23) and deny Cooper's motion for summary judgment (ECF No. 27). If the Court adopts this recommendation, the case will be dismissed.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); s*ee also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: August 29, 2019

/s/ *Maarten Vermaat*
MAARTEN VERMAAT
U.S. MAGISTRATE JUDGE