UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHAWNTA COOPER,

        Plaintiff,

Case No. 2:17-CV-155

v.

HON. GORDON J. QUIST

F.S.S. PARKER,

        Defendant.
                                        /

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff, Shawnta Cooper, a prisoner incarcerated with the Michigan Department of Corrections, filed a complaint pursuant to 42 U.S.C. § 1983 against Defendant Parker, a Food Service Supervisor employed by Trinity Service Group. Plaintiff alleged that Defendant Parker retaliated against Plaintiff following an April 8, 2017, incident by filing a Class II misconduct against Plaintiff for Disobeying a Direct Order. Plaintiff alleged that he as found not guilty of the misconduct.

On January 25, 2019, Defendant Parker filed a motion for summary judgment arguing, among other things, that Plaintiff cannot establish a retaliation claim because he is unable to show that he suffered an adverse action and cannot establish the requisite causal connection between his threat to file a grievance against Defendant Parker and Defendant Parker's filing of the misconduct report. (ECF Nos. 23 and 24.) On March 18, 2019, Plaintiff filed his own motion for summary judgment, but failed to attach a declaration, an affidavit, or exhibits. (ECF No. 27.)

On August 29, 2019, Magistrate Judge Maarten Vermaat issued a Report and Recommendation (R & R) (ECF No. 33), recommending that the Court grant Defendant Parker's

motion for summary judgment and deny Plaintiff's motion for summary judgment. In particular, the magistrate judge observed that Plaintiff failed to provide any evidence supporting his allegations, including the misconduct report that Defendant Parker allegedly issued to Plaintiff. (ECF No. 33 at PageID.127–29.) The magistrate judge further noted that Defendant Parker offered an affidavit from Aileen Lewis Goodwin, the Human Resource Director for Trinity, in which Goodwin affirmed that Trinity had no record of the alleged misconduct and was unaware that Defendant Parker made any comments to Plaintiff that may have violated Michigan Department of Corrections policy. (*Id.* at PageID.128.) The magistrate judge further concluded that, even if Plaintiff had shown that Defendant Parker wrote a misconduct ticket on Plaintiff, Plaintiff "has not put forth any evidence to create a material issue of fact on the causation element." (*Id.* at PageID.130.) Plaintiff's only allegation in his complaint, the magistrate judge noted, is that he "feels" that Defendant Parker retaliated against him. (*Id.* at PageID.130–31.)

Plaintiff has filed Objections to the R & R, arguing that the magistrate judge erroneously concluded that Defendant Parker is entitled to summary judgment. Pursuant to 28 U.S.C. § 636(b), upon receiving an objection to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, Plaintiff's Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

Plaintiff responds to the primary basis the magistrate judge cited for granting summary judgment to Defendant Parker: the lack of any proof that Defendant Parker took an adverse action against Plaintiff by writing a misconduct on Plaintiff. Plaintiff attaches to his Objections a copy of the misconduct report and the misconduct hearing report (ECF No. 34-1), explaining: "As plaintiff

2

is a pro-se litigant and does not have the formal training of a lawyer, plaintiff was unware [sic] of when to file his exhibits. So being untrained plaintiff thought that the evidence was to be presented at trial." (ECF No. 34 at PageID.134–35.) But Plaintiff's pro se status does not excuse his failure to comply with the Federal Rules of Civil Procedure. *See Brown v. Woodard*, No. 95-5792, 1998 WL 211785, at *1 (6th Cir. Apr. 23, 1998) ("While a pro se party is entitled to have h[is] pleadings construed liberally, []he will not be relieved of the responsibility to comply with the basic rules of court."). In other words, Rule 56(c) required Plaintiff to file and cite the evidence that he claimed creates a genuine issue of material fact in opposition to Defendant Parker's motion. As the magistrate judge recognized, the misconduct report is crucial to the issue of whether Plaintiff suffered an adverse action.[1]

Plaintiff's failure to submit the misconduct report to the magistrate judge is not necessarily fatal to Plaintiff's claim because the Sixth Circuit has held that a district court has discretion to consider new evidence presented for the first time in objections to a report and recommendation. *Muhammad v. Close*, No. 08-1944, 2009 WL 8755520, at *2 (6th Cir. 2009). But even if the Court were to exercise its discretion to consider the misconduct report, which it declines to do because Plaintiff had the opportunity to submit his exhibit to the magistrate judge, Plaintiff does not address the second basis the magistrate judge identified for granting summary judgment—the insufficient evidentiary basis to establish a causal connection. Because Plaintiff fails to object to the magistrate judge's conclusion that Plaintiff's alleged "feeling" that Defendant Parker wrote the misconduct ticket in retaliation—asserted in an unverified complaint—does not suffice to establish the requisite

---

[1]Plaintiff also argues that because his complaint made it through initial screening, the Court should deem his claim sufficient to proceed. However, on initial review, the Court considers only whether the complaint states a claim. 28 U.S.C. §§ 1915A, 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1). At the summary judgment stage, however, a plaintiff "can no longer rely on the conclusory allegations of its complaint." *Warf v. U.S. Dep't of Veterans Affairs*, 713 F.3d 874, 878 (6th Cir. 2013). Instead, a plaintiff must support his claim with evidence. Fed. R. Civ. P. 56(c).

3

causal connection, Plaintiff has not shown that the magistrate judge erred in recommending that the Court grant summary judgment to Defendant Parker on Plaintiff's retaliation claim.

Therefore,

**IT IS HEREBY ORDERED** that the August 29, 2019, Report and Recommendation (ECF No. 33) is **ADOPTED** as the Opinion of this Court. Plaintiff's Objections (ECF No. 34) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 23) is **GRANTED**, Plaintiff's Motion for Summary Judgment (ECF No. 27) is **DENIED**, and Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

A separate judgment will enter.

This case is **concluded**.

Dated: September 26, 2019            /s/ Gordon J. Quist
                                    GORDON J. QUIST
                              UNITED STATES DISTRICT JUDGE